UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAMMY MARIE ALLEN,<br><br>Defendant. | NO. 2:17-CR-0229-TOR-12<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO REDUCE SENTENCE |
|---|---|

BEFORE THE COURT are Defendant's Motions to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 1087, 1106.[1] This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motions to Reduce Sentence, ECF Nos. 1087, 1106, are denied.

---

[1] The original motion and the amended motion are identical in substance, but the amended motion contains exhibits that were not filed with the initial motion.

ORDER DENYING DEFENDANT'S MOTIONS TO REDUCE SENTENCE ~ 1

## BACKGROUND

On December 6, 2017, an indictment was filed charging Defendant with conspiracy to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. ECF No. 1. On April 18, 2018, a superseding indictment was filed charging Defendant with the same conspiracy count and one count of possession with intent to distribute 5 grams or more of actual methamphetamine. ECF No. 392 (Counts 1 and 42). On January 16, 2019, Defendant pleaded guilty to Count 42, possession with intent distribute 5 grams or more of actual methamphetamine. ECF No. 730. On May 14, 2019, this Court varied from the advisory guideline range of 30 to 37 months of imprisonment and sentenced Defendant to eight months imprisonment, followed by a four-year term of supervised release. ECF No. 903. On May 28, 2019, Defendant began her term of imprisonment at Federal Detention Center SeaTac ("FDC SeaTac"). ECF No. 1003. Defendant's projected release date is January 11, 2020. ECF No. 1106 at 17.

On June 21, 2019, Defendant submitted a written request for compassionate release to the warden at FDC SeaTac. ECF No. 1106 at 2, 16. On July 23, 2019, the warden denied Defendant's request. *Id.* at 2, 17. On August 5, 2019, Defendant administratively appealed that denial. *Id.* at 2, 18-19. On August 21, 2019, Defendant's administrative appeal was denied. *Id.* at 2, 20. Pursuant to

procedural changes implemented by the First Step Act of 2018, Defendant then filed the instant Motions to Reduce Sentence for this Court's review. ECF Nos. 1087, 1106. Defendant argues that she should be granted compassionate release based on her chronic medical conditions and the nature of the medical care she has received at FDC SeaTac. ECF No. 1106 at 1.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned,

and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

### B. Extraordinary and Compelling Reasons

Defendant moves for compassionate release on the grounds that "extraordinary and compelling reasons" justify a sentence reduction. ECF No. 1106 at 1. The First Step Act did not define what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been

updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1.

Here, Defendant moves for compassionate release on the grounds that her multiple chronic illnesses and difficulty treating them while in custody constitute "extraordinary and compelling reasons" for a sentence reduction. ECF No. 1106 at 10-11. Because Defendant does not allege that her conditions are terminal or

diminish her ability to provide self-care while in custody, her motion for compassionate release is best addressed under the "other reasons" category.

Defendant states that she has five different chronic illnesses and the medical treatment she receives at FDC SeaTac is different from the treatment she received while out in the community. ECF No. 1106 at 16, 19. Defendant alleges that her medical conditions have worsened while incarcerated. *Id.* However, Defendant's motion is notable for what it does not allege. Defendant does not indicate whether or how she has pursued alternative courses of treatment or administrative remedies within BOP. Defendant does not show that her conditions are going untreated or that they cause significant impairments in her daily functioning. Other than her own claims, Defendant does not establish "substandard medical care" with any medical testimony as to diagnosis, prognosis or required and necessary treatment. Of note, Defendant is expected to be released to a halfway house on or about December 11, 2019. ECF No. 1106 at 17. Defendant's mere dissatisfaction with her course of medical treatment at FDC SeaTac, combined with the very short term of imprisonment remaining on her sentence, do not create such extraordinary and compelling reasons as to justify a sentence reduction.

Because Defendant does not make this initial showing of qualifying circumstances for compassionate release, Defendant's other arguments regarding the minimal risk of danger she poses to the community and the § 3553 sentencing

factors are not dispositive of her request. ECF No. 1106 at 12-14. Additionally, Defendant's argument that BOP improperly administratively denied her request for compassionate release pursuant to BOP policy is not relevant to this Court's statutory analysis. ECF No. 1106 at 11. Although Defendant's health struggles are unfortunate, the Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motions to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF Nos. 1087, 1106, are **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** December 4, 2019.



THOMAS O. RICE
Chief United States District Judge